UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| EDWARD DITCHFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:25-cv-03114-SEM-DJQ |
| | ) | |
| LINCOLN CORRECTIONAL CENTER, | ) ) | |
| | ) | |
| Defendant. | | |

**ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Lincoln Correctional Center, alleges Defendant violated his Eighth Amendment rights through deliberate indifference to his safety during his incarceration at Lincoln Correctional Center.

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff names as Defendant Lincoln Correctional Center. He was lying in bed on February 14, 2025, when the light fixture fell from the ceiling, hit him, and injured his head and neck. He asserts that his neck injury is not being properly treated.

"The Eighth Amendment demands that officials ensure 'reasonable safety.'" *Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 844–45 (1994)). Prisoners enjoy the right to be free from unnecessary infliction of pain caused by hazardous prison conditions. *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014). A prison condition is hazardous when it "poses an unreasonable peril." *Anderson v. Morrison,* 835 F.3d 681, 683 (7th Cir. 2016). When risk of injury is great and the prison condition is avoidable the Seventh Circuit has

held that the condition poses a sufficient risk of harm to state a constitutional claim. *Anderson*, 835 F.3d at 683 (7th Cir. 2016).

Likewise, deliberate indifference to a serious medical need violates a prisoner's constitutional rights. This standard is higher than the standard for negligence and is instead akin to criminal recklessness. *See Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc).

Plaintiff's allegations related to the light fixture falling and injuring him do not state a claim. There is no indication that anyone knew the light fixture posed an imminent hazard.

Plaintiff's allegations related to his medical care do not state a claim. He need not provide a great deal of detail about what has occurred. But he must indicate at a minimum 1) who he wants to hold responsible for his medical care (even if only by description or job title), 2) the time frame at issue related to his medical care, and 3) what that person or those persons did and/or did not do that he believes to be an intentional disregard for his serious medical needs.

A building or facility, such as Lincoln Correctional Center, is not a suable "person" for purposes of a civil rights lawsuit like this

one. Plaintiff must name individuals or describe to the best of his ability any unknown "John/Jane Doe" individuals that he wishes to sue.

IT IS THEREFORE ORDERED:

1. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, Plaintiff has not stated a claim for relief. Plaintiff is allowed 30 days to file a motion for leave to amend with an attached proposed amended complaint. If Plaintiff does not do so the case will be dismissed without prejudice.**

Entered this 27th day of February, 2026.

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE